UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

KENNETH WHITE,                    )        CASE NO. 1:11 CV 284
                                  )
            Plaintiff,            )        JUDGE PATRICIA A. GAUGHAN
                                  )
      v.                          )        <u>MEMORANDUM OF OPINION</u>
                                  )        <u>AND ORDER</u>
LORAIN NATIONAL BANK,             )
                                  )
            Defendant.            )


On February 3, 2011, *pro se* plaintiff Kenneth White, an inmate at the Northeast Ohio Correctional Center, filed this *in forma pauperis* action against Lorain National Bank.  Plaintiff alleges a representative of the bank "did provide false statements, false information, and a false notary stamp on credit applications for equity line loan no. 4040073662," and sought to "defraud Mr. White out of money or real property."  For the reasons stated below, this action is dismissed.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.*  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim.  *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief) .

Accordingly, this action is dismissed under section 1915 (e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 4/8/11